SHAW, Justice (dissenting).
I respectfully dissent.
The plaintiff below, Walter B. Price, owned an interest in Riverfront Development, LLC ("Riverfront"), and an interest in a piece of real estate ("the Riverwalk property") that was to be developed by Riverfront. Price alleged in his complaint that his business partner in Riverfront and co-owner of the Riverwalk property, William A. Lunsford, convinced him to sell both Riverfront and the Riverwalk property to Danny Butler. He further alleged that Lunsford and Alabama One Credit Union ("Alabama One") fraudulently represented that a transaction in which Price engaged on July 15, 2009, was transferring both to Butler. In this transaction, Price signed, as a "seller," a Department of Housing and Urban Development settlement statement that detailed the sale of the Riverwalk property to Riverfront and Riverfront's borrowing of funds from Alabama One to finance the purchase. In his verified complaint, Price alleged that he believed that Butler "would be the borrower-in-fact, acting as an agent for Riverfront."
In its motion to dismiss, Alabama One claimed that there was evidence showing that Price knew, or should have known, in July 2009 of the alleged fraud and, thus, that the applicable two-year statute of limitations began to run at that time and expired before the complaint was filed in 2014. It specifically referred, among other things, to the settlement statement, a deed, and a document titled "Assignment of Interest in Limited Liability Company," dated July 15, 2009, in which Price assigned his interest in Riverfront to Lunsford, and not the purported purchaser, Butler. This assignment, which Alabama One attached to its motion, had not been included as an attachment to the complaint. Alabama One argued that Price "knew that Mr. Lunsford was receiving [Price's] share of the company. Indeed, [Price] signed an Assignment of Interest in Limited Liability Company agreement on July 15, 2009, transferring his interest in the company to Bill Lunsford."
In his response and in an amended response to the motion to dismiss, Price argued that the settlement statement and the deed did not alert him to any potential fraud.[4] He also filed an affidavit. However, in both of his responses to Alabama One's motion to dismiss, he completely failed to address whether the assignment showed that he transferred his interest in Riverfront to Lunsford or whether that should have alerted him that he was transferring his interest in Riverfront to Lunsford and not Butler. Further, the affidavit states nothing about the assignment. The trial court, in issuing its judgment, could have concluded that the assignment Price failed to address showed that he knew that his interest in Riverfront was being transferred to Lunsford and not to Butler.
*961 These would have been facts alerting him to the possibility that Lunsford was actually purchasing Riverfront and that the statute of limitations began to run at that time.
Price's initial brief filed in the Court of Civil Appeals similarly failed to specifically address the significance of the assignment and whether it could be deemed to have alerted him to the nature of the alleged fraud. Instead, at most, Price alleged that there was an arrangement whereby he would assign all of his interest in Riverfront to Lunsford and Lunsford would then transfer the company to Butler. On page two of his initial brief to the Court of Civil Appeals, he stated, without citation to the record: "Price closed his part of the sale to Butler on July 15, 2009 by executing documents .... The purpose of these documents was, in pertinent part, to convey all Price's and Lunsford's title to [Riverfront] so that Lunsford could complete the sale to and financing by Butler that same afternoon." However, I see no evidence in the record substantiating an assertion that Price was to convey his interest in Riverfront to Lunsford so that Lunsford could later convey the entire company to Butler. No argument or assertion to this effect was made in Price's responses to the motions to dismiss filed in the trial court. Nothing in the verified complaint, its attachments, or in the affidavit mention this factual assertion.
In his reply brief to the Court of Civil Appeals, Price for the first time directly addressed the significance of the assignment. He stated in response to the appellee's arguments: "The record, as Price points out in his initial brief, clearly shows the basis for Price's reasonable belief and reliance on the Defendants' false representation that Butler, Alabama One and [Riverfront's] managing member Lunsford would complete the [Riverfront] sale closing and financing with Danny Butler that same afternoon." Again, I see no evidence in the record stating that ownership in Riverfront was to be placed in Lunsford's hands so that it could be transferred to Butler later that day. Price did not make any such argument in the trial court in opposition to Alabama One's claim that the assignment showed Price that he was not, in fact, transferring his interest in Riverfront to Butler. The affidavit is silent as to this issue.
In its opinion, the Court of Civil Appeals held, as Alabama One argued in the trial court, that the assignment should have, in July 2009, alerted Price to the fact that Riverfront was not being transferred to Butler, thus putting Price on notice of alleged fraud and starting the running of the statute of limitations. Price cannot now dispute this holding because he failed to properly address the issue both in the trial court and on appeal.
The main opinion in the instant case states: "It is true that the assignment-of-interest agreement shows that Price was transferring his interest in Riverfront to Lunsford, but Price alleged that he was told this was one of the intermediate steps necessary before Butler ultimately purchased the entire enterprise." 244 So.3d at 958-59. This is merely an "allegation" because (1) Price presented no evidence indicating that such "intermediate steps" were ever contemplated; (2) he failed to allege so in his complaint; (3) when presented in the trial court with the argument that the assignment should have alerted him that Butler was not purchasing Riverfront, he remained silent; and (4) his first allegation explaining this unsupported assertion came in his reply brief filed in the Court of Civil Appeals. Price's response to the assignment is untimely and unsupported by substantial evidence. I cannot hold the Court of Civil Appeals in error for failing to reverse the trial court's judgment on a *962 factual assertion explained for the first time on appeal in a reply brief and not supported by substantial evidence.
As to the issue whether Alabama One's motion to dismiss was converted to a motion for summary judgment, Rule 12(b), Ala. R. Civ. P., requires that "[i]f ... matters outside the pleading are presented to and not excluded by the court," then a Rule 12(b)(6) motion "shall be treated as one for summary judgment." (Emphasis added.) As noted above, the motion to dismiss specifically argued and referenced the assignment, a matter outside the pleading. This was the strongest piece of evidence showing when Price should have understood that Riverfront was not being purchased by Butler. Price did not address it in his response. I think that it is appropriate to assume that the strongest piece of evidence supporting the trial court's judgment, which was "not excluded by the trial court" and which Price did not attempt to rebut, was considered by it. Thus, the motion to dismiss was converted to a motion for a summary judgment.
I think that the Court of Civil Appeals, addressing the narrow issues argued in the trial court and the evidence presented, correctly affirmed the judgment. I therefore respectfully dissent.

As to the settlement statement, Price asserted that it was not yet signed by Lunsford when Price signed it.